[Civ. No. 10424. First Appellate District, Division Two.—September 23, 1937.]

ROBERT E. CHRISTY, Respondent, v. LOUIS C. DRAPEAU, as Building and Loan Commissioner, Appellant.

Walter Carrington for Appellant.

Robinson, Price & MacDonald and Robert W. MacDonald for Respondent.

STURTEVANT, J.—The trial court made findings in favor of the plaintiff and ordered judgment thereon in an action brought to recover a deposit. The defendant has appealed and has brought up a bill of exceptions. The latter document discloses no dispute regarding facts and the only questions involved are questions of law. The bill of exceptions

584

discloses a stipulation which refers to certain lines and pages of written instruments offered in evidence. The exhibits have not been brought up and said references mentioned in the printed bill of exceptions are of little help in ascertaining the passages referred to.

In his complaint, the plaintiff alleged *in haec verba* a written offer. Those allegations were not denied by the defendant. In so far as it is material to anything we will say, the offer was as follows: (The Roman numerals are ours.)

I.         "Offer to Purchase Real Property
        "Real Estate No. 1138, Date November 19, 1935

"The undersigned Offeror hereby offers and agrees to purchase from Louis C. Drapeau, as Building and Loan Commissioner of the State of California, in the liquidation of California Mutual Building & Loan Association, the following described property located in the County of Alameda, State of California, towit: (Legal Description of No. 400 Perkins Street in Oakland.) . . .

II.   for a total purchase price of $210,000.00, payable as follows: . . .

III.  *"I understand and agree that the acceptance of this offer by you will be subject to the approval of the Superior Court of the county in which the principal place of business of said association is located.*

IV.   "My offer herein is made with full knowledge that the above described property, if acquired by me, will be subject to:

V.   "1. Covenants, conditions, restrictions, reservations, rights, rights of way and easements of record, if any.

VI.   "2. Assessments and bonds of record with an unpaid balance of not more than $——, with no delinquencies thereon.

VII.   "3. All taxes, bonds, and assessments levied or assessed subsequent to date hereof.

VIII.   "4. I am to pay recording charges and $5.00 buyer's escrow fee. Taxes for the fiscal year 1935 to 1936, rents, interest and fire insurance (coverage in the sum of $——) are to be prorated as of the date of close of escrow. This offer shall be void unless accepted and approved within sixty days after the date hereof.

IX.   "I have examined and investigated the said property and improvements, and I accept the same in their present condition. If the sale of this property is not consummated

by reason of any fault of mine, I understand and agree that my initial deposit is to be retained by you as liquidated damages. I further authorize you in the event this offer is accepted by you and approved by the Superior Court, to complete the said sale in accordance with the terms and provisions of this offer. In the event that any further instructions from me shall be necessary, I agree to immediately enter the same with your Escrow Department upon demand.

X. "At the time the deed to the property is recorded a policy of title insurance in an amount not to exceed the purchase price is to be furnished and paid for by purchaser.

XI. "In the event that this offer is accepted and approved all agreements and the deed are to be executed in the name of: . . .

> "ROBERT E. CHRISTY
> 1100 Bay Street, Alameda
> (Residence Address)

. . .

XII. "The undersigned Offeree hereby accepts the foregoing offer and agrees to the sale of the above described property on the terms and conditions herein set forth, subject, however, to the approval of the Superior Court.

"Dated at Oakland, California, ————, 1935.

> "LOUIS C. DRAPEAU,
> Building and Loan Commissioner of
> the State of California, in the
> liquidation of
> "CALIFORNIA MUTUAL BUILDING &
> LOAN ASSOCIATION.
> By ————————
> Special Deputy

XIII. "Sale recommended by:

Real Estate Department . . . "

On November 19, 1935, the plaintiff signed the above instrument and delivered it to D. V. Jordan a real estate broker acting for the Building and Loan Commissioner. At the same time plaintiff delivered to Jordan a check, $5,000, payable to the California Mutual Building and Loan Association. On November 22, Fred E. Lundberg, special deputy for the Building and Loan Commissioner, added to paragraph XII. " . . . of the County of Santa Clara and subject to a better

offer being received'', and thereupon signed the same. Neither such change nor signing was done in the presence of the plaintiff and the plaintiff had no knowledge thereof except as follows: On the same date C. N. Sheets, manager of the real estate sales department, wrote to the plaintiff a letter stating: ''Your offer to purchase the above property for $210,000 in cash has been *approved by the committee* subject to the approval of the Superior Court of the County of Santa Clara *and subject to a better offer being received*. The papers will be prepared for petitioning the court for its approval of the transaction.'' (Italics ours.) Said letter was delivered on the same date to the plaintiff. On November 23, 1935, the defendant filed a petition in the Superior Court of the State of California, in and for the County of Santa Clara, asking for authority to sell the real estate. On November 30, 1935, plaintiff caused to be delivered to Fred E. Lundberg, special deputy of the Building and Loan Commissioner, the following letter addressed to the defendant: ''Mr. R. E. Christy hereby withdraws the offer heretofore made to you to purchase the property at 400 Perkins Street, Oakland, California, and hereby demands the return of the $5,000 deposit made with you.'' The hearing of the petition was had on December 2, 1935. The courtroom clerk made a minute entry reciting that Walter Carrington, Esq., appeared as counselor for petitioner; that Willard Rice was examined as a witness, and that Robert E. Christy, through his representative, informed the court that he had withdrawn his offer, '' . . . and the court being fully advised in the premises makes its order permitting said Robert E. Christy to withdraw said offer of purchase''. On January 17, 1936, a *nunc pro tunc* order was made as follows: ''The petition of the Building and Loan Commissioner for an order authorizing the sale of certain real property to Robert E. Christy coming on regularly before the court for hearing, the description of said property being fully set forth in the petition of said Building and Loan Commissioner on file herein numbered 7122; Walter Carrington, Esq., appearing as attorney for petitioner and Robert W. Macdonald of Robinson, Price & Macdonald appearing as attorney for Robert E. Christy; Willard Rice is sworn and examined as a witness for said Building and Loan Commissioner; and the court being fully advised in the premises makes its order dismissing said petition to sell.'' No appeal was taken from the order made

December 2, 1935, nor from the order dated January 17, 1936.

The defendant contends he had the power to, and did accept plaintiff's offer. The latter replies that, under the facts hereinabove set out, the defendant never accepted the plaintiff's offer, that any purported acceptance was not communicated to plaintiff before he withdrew his offer, and that the purported acceptance, if any, added a new condition to the plaintiff's offer and was therefore no acceptance. Each reply is sufficient. The offer as made contemplated that it was subject to being "recommended" by a representative of defendant's real estate department. (Par. XIII.) Mr. Sheets' letter could be construed to be such recommendation. The offer as made was not subject to be "approved by the committee" or any committee. If Mr. Sheets' letter meant that it was, then his letter was an attempt to change the offer. If his letter purported to be a notice of acceptance it did not so state. Mr. Sheets was neither principal nor a duly appointed deputy, nor was there any showing made that he had authority to accept any offer on behalf of the defendant. Finally, his letter added "and subject to a better offer being received", a new condition not contained in the offer as made. It follows that plaintiff's offer was never accepted.

In his next point the defendant states the offer to purchase, after being acted upon by defendant, ripened into a binding contract unilateral in character and supported by a sufficient consideration. The contention may not be sustained. As we have just shown, the evidence did not support the claim that plaintiff's offer was acted upon by defendant.

It is next asserted that the plaintiff agreed his offer was to remain open for sixty days (par. VIII.), and therefore it could not be revoked or withdrawn during that period. In support of the point the defendant cites *Marsh* v. *Lott,* 8 Cal. App. 384 [97 Pac. 163], and other cases which hold that an offer to remain open a fixed time, and which is made upon a valuable consideration, may not be revoked by the person making the offer during the time so agreed upon. But the vice of the contention in the instant case is that no consideration whatever moved to the plaintiff.

It is next contended that the plaintiff, by his attempted withdrawal after his offer was acted upon by defendant, was a vendee in default, and as such cannot recover

any or all of his deposit. As shown above, the plaintiff's offer was never acted upon by the defendant and there was no evidence he was at any time in default. *Tomboy Gold & Copper Co.* v. *Marks,* 185 Cal. 336 [197 Pac. 94], is relied upon by the defendant. In that case no option or offer was involved. A sale *in praesenti* was agreed upon. The delivery of the subject of the sale was postponed and deferred payments were to be made.

On each of the foregoing propositions the trial court made findings in favor of the plaintiff and against the defendant. Each finding was clearly supported by the evidence introduced at the trial. Those portions of the evidence which are recited above we think clearly support our statement.

■ It is finally contended by the defendant that the term "liquidated damages" in the offer to purchase does not affect the enforceability of the provision in the offer (par. IX): "If the sale of this property is not consummated by reason of any fault of mine I understand and agree that my initial deposit is to be retained by you as liquidated damages." The defendant concedes the clause regarding liquidated damages is vulnerable. He cites *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1 [55 Pac. 713, 69 Am. St. Rep. 17, 43 L. R. A. 199], and asserts that the plaintiff, under the facts, was a vendee in default. However, he does not bring himself within the authority that he relies upon. His offer to purchase was never accepted, therefore the case does not involve the relation of vendor and vendee. In this connection we appreciate it is the contention of the defendant that the Superior Court of Santa Clara County dismissed the petition because of the fault of the plaintiff. That fact does not appear on the face of the order of dismissal. In this collateral attack we may not go behind the face of that order. If the defendant was of the opinion that the Superior Court of Santa Clara County erred, he should have taken an appeal from the order; but, as the instant case now stands, without fault of the plaintiff the defendant failed and neglected to obtain permission to make the transfer. That being so, the defendant has never been in position to tender a conveyance and place the plaintiff in default and he has not done so.

It follows that the judgment should be affirmed and it is so ordered.

Spence, Acting P. J., and Gray, J., *pro tem.,* concurred.