[Civ. No. 12887. Second Dist., Div. Two.—June 16, 1941.]

ADOLPH B. ROSENFIELD, Respondent, v. SIDNEY C. VOSPER et al., Appellants.

D. A. Boone and James T. Satchell for Appellants.

Adolph B. Rosenfield, *in pro. per.*, for Respondent.

WOOD, J.—Plaintiff commenced this action on March 7, 1939, to obtain a judgment for the reasonable value of legal services rendered by him to defendants between January 7, 1938, and February 22, 1939, in the matter of securing permits to drill for oil on the property of defendants. At a trial without a jury plaintiff was given judgment for the sum of $12,567.32, from which judgment defendants have appealed.

In the original complaint plaintiff alleged that the reasonable value of his services was $5,605 and that he had expended for defendants the sum of $67.32, no part of which had been paid except the sum of $250. Defendants filed an answer in which they denied that any sum was due plaintiff except the sum of $1,000, which they had tendered to him. Plaintiff filed an amended complaint on March 21, 1939, in which he alleged that his services were of the reasonable value of $10,000. Defendants filed an answer to the amended complaint in which they alleged that the reasonable value of plaintiff's services was the sum of $1,000 and in which they also alleged that plaintiff had agreed that his services would be rendered for a maximum of $1,000. The trial was commenced in a Long Beach department of the superior court on December 19, 1939, and the taking of testimony was finally terminated on January 20, 1940. On January 2, 1940, and after the remarks of the trial judge in chambers of which special complaint is made as hereinafter set forth, plaintiff again amended his complaint and alleged that the reasonable value of his services was the sum of $15,000. On January 20, 1940, he again amended his complaint and alleged that the reasonable value of his services was the sum of $18,000. After the filing of the amended complaint alleging the value of the services to be $15,000

defendants filed an amended answer in which they alleged that on June 13, 1938, plaintiff had accepted the sum of $250 under circumstances which constituted an accord and satisfaction as of that date. The trial court found against the defense on the issue of accord and satisfaction and found the reasonable value of the services rendered by plaintiff to be the sum of $13,000, of which plaintiff had received the sum of $500 only.

Defendants contend that the trial judge was guilty of misconduct which prevented their having a fair trial. Plaintiff was on the witness stand during the first seven days of a trial that consumed about fourteen days. In the early days of the trial the judge frequently admonished the attorneys that the matter was taking too much time, spoke of the expense of conducting the court, urged expedition in the handling of the matter and frequently suggested to counsel that a settlement should be agreed upon out of court. On the fourth day of the trial the judge called counsel into his chambers for the purpose of discussing a settlement but the parties could not agree upon terms. The trial was thereupon transferred to Los Angeles for the reason that Judge Beardsley's assignment to Long Beach had terminated. On the fifth day of the trial the judge again called the attorneys into his chambers for the purpose of discussing a settlement. The conversation which took place in the judge's chambers on that occasion is set forth in the affidavits of the attorneys which were filed in support of the motion for a new trial and also in a statement made by the judge from the bench. D. A. Boone, one of defendant's counsel, states in his affidavit:

" . . . That thereafter the case was removed to Los Angeles for further trial and at a recess and before the plaintiff had completed his testimony the court asked the attorneys to step into his chambers, again stated that the case was one that should be settled, to which affiant again agreed, and stated that after all it was an attorney suing for his fee and that he had evidently done a great deal of work, and that a case of this type should not take so much time to try. Again the plaintiff demurred in making a settlement and in effect stated that as far as he was concerned there could be no settlement upon the basis of the amount claimed in his original complaint; that in order to demonstrate to the court

the willingness of the defendants to settle the case upon some reasonable basis, affiant asked the court if he had any suggestions as to what he would consider a reasonable amount; that the court stated that he thought $7500 would be a reasonable amount; affiant then told the court that he felt that the court had placed him in a position where nothing more could be said and that he must state the court's opinion to his clients, and of course allow them to make the decision and advised the court that he would do so immediately. That affiant then started to leave the judge's chambers for the purpose of presenting said matter to clients and as a parting word the judge said, in the presence of Mr. James T. Satchell, an attorney at law associated with affiant: 'Tell your clients that in my opinion it would be to their best interests to settle on that basis'. That affiant thereupon presented said matter to clients, giving them the entire conference which took place in the judge's chambers and stating that under the circumstances it appeared that the court was prejudging the case and in all probability if they continued the judgment would at least be in some amount more than the sum of $7500, but leaving it entirely to the clients to decide what they should do after hearing the entire story concerning the attitude and statements made by the court. That the above suggestion of amount of settlement and statement by the court was made before the court had heard all the testimony of the first witness for the plaintiff, towit, the plaintiff himself, and was also made with full knowledge on the part of the court that the defendants claimed in their answer that they had paid the plaintiff the sum of $250, and that they were not indebted to the plaintiff in any sums in excess of $1000, and in that connection further alleged that the plaintiff had agreed to accept the sum of $1000 as the maximum amount to which he was entitled. That the court made such statements above referred to even though affiant called the court's attention to the fact, and the court admitted that he had heard none of defendants' case. That in view of the above circumstances and in the light of further events occurring in connection with the trial which will hereinafter be set forth, affiant believes that said action was prejudged by the court before hearing all of the testimony in the case and that no consideration whatsoever was given by the court to the defendants' case. . . . That on at least

two occasions affiant recalls the court, in connection with conferences in chambers, permitted the plaintiff to make statements concerning the case to him and to appeal to his sympathies, which affiant believes had a direct effect upon the court and which could not have been properly received as evidence, such as statements made by counsel on several occasions that he had done a great mass of work; that there was other work that he had done that he could not recall and of which he had no record; that the work he had done for defendants had broken and injured his health; that he had neglected his other business because of the constant demands of defendants' business; that on such occasions the court intimated to the plaintiff his reaction with reference to testimony that had been received, such as stating that the $250 check caused him some worry and concern and that Rosenfield's testimony first given as an explanation as to the writing on said check was not very satisfactory, plaintiff Rosenfield having testified that he could not recall the writing on the check or what it was; that he did not recall the words as written on the back of the check although it may have been there. After said questions above referred to the plaintiff then later took the witness stand again and recalled facts and circumstances concerning the check which he had previously testified he had no record of or any remembrance of, which explanation the court, from statements made at the time the decision was rendered from the bench, apparently adopted.''

It was stipulated that the trial judge, in lieu of making an affidavit in response to the affidavits filed in support of the motion for a new trial, could make a statement from the bench and that his statement would have the same force and effect as if made under oath. Pursuant to this stipulation the trial judge made a lengthy statement in which he reviewed the allegations which had been made in defendants' affidavits and stated that he had never heard of any of the parties before the commencement of the trial and had no acquaintance with any of the lawyers participating in it. He denied that he had prejudged the case. On the subject of his admonishing counsel to expedite the trial the judge stated: " . . . I do remember that I did repeatedly admonish both sides that too much time was being taken and urged that an attempt be made to cover the ground with less expenditure

of time." On the subject of the expense of conducting the court the judge stated: "What the court said was, that he had been told that a statistician had computed that the cost of operating a department of the superior court of the county of Los Angeles was $250 a day; the court itself had no such knowledge, simply passed on the information given to the court." On the subject of suggesting a settlement for $7,500 the judge stated: "At a considerable later period of the trial, the court discussed the matter again in chambers; both sides said then they were willing to consider settlement but neither side as I recollect it nominated any figure. After a good deal of discussion the judge said to Mr. Rosenfield, 'Why don't you offer to settle for $7500?' and Mr. Rosenfield said, 'I do offer to settle'. The judge didn't say that he thought that was a fair fee. Later, of course, it came to the knowledge of the court that the parties had been unable to get together on a settlement. I find now on page 5 of Mr. Boone's affidavit, line 16, the language: 'That the court stated that he thought $7500 would be a reasonable amount'. That isn't true according to the best of my recollection. Later, Mr. Boone says that the court said: 'Tell your clients that in my opinion it would be to their best interests to settle on that basis'. I think I did say substantially that."

When the taking of testimony was terminated and the matter was taken under advisement the court reviewed the evidence at some length and closed the review with these remarks: "Now I want to give further consideration to some particular problems here, but I shall not at this time fix the amount for which the court will later give judgment. Both sides will remember that the court at the outset tried rather diligently to show both sides that it would be wise and economical and sporting for them to get together if they could, but that failed at that time and there is nothing to prevent both sides from considering the matter further, if you like. I shall try to get in some time out of hours because there is not time here in this department where I can give a consecutive length of time to matters, so I will try to give a decision in two or three days. The matter will stand submitted."

The plaintiff filed his own affidavit in answer to the affidavits filed on behalf of the defendants, in which he reviews

and disputes many of the assertions made in defendants' affidavits. On the subject of the statement of the judge urging a settlement for $7,500 plaintiff states: "When Satchell [one of counsel for defendants] refers to the fact that the court suggested $7500 as a basis of settlement he omits to state that Boone asked for the court's suggestion. Boone so states in his affidavit. At no time while deponent was present (and he was present as aforesaid at such conference) was any statement made by the court to Boone to 'Tell them I think that is a fair settlement and it would be to their advantage to accept it'."

It thus appears that plaintiff denies that the judge told counsel for defendants to tell his clients that it would be to their best interests to settle for $7,500, but the judge himself states that he had "substantially" given that admonition to defendants' counsel. Under the circumstances we must consider the statement contained in Mr. Boone's affidavit, substantiated by the statement of the judge, as true.

Although efforts on the part of a trial judge to expedite proceedings and to encourage settlements out of court are ordinarily to be commended, such efforts should never be so directed as to compel either litigant to make a forced settlement. The advice to defendants' counsel to tell his clients that it would be to their best interests to settle for $7,500 was most inappropriate, especially in view of the fact that at the time the suggestion was made the defendants had not had an opportunity to present any of their witnesses. The remarks left the court in such position that if its ultimate judgment should be for a greater sum than $7,500 defendants would naturally feel that they had not been fairly treated.

A trial judge should not prejudge the issues but should keep an open mind until all of the evidence is presented to him. When issues of fact are submitted to a jury for determination it is made the duty of the judge to admonish the jurors at each separation that "it is their duty not to form or express an opinion thereon until the case is finally submitted to them." (Code Civ. Proc., sec. 611.) In the case under review the trial judge took the place of the jury as a trier of the issues of fact. It was his duty to determine whether plaintiff had agreed to accept $1,000 in full for his services, whether the receipt of the check for $250 constituted

an accord and satisfaction, and the reasonable value of plaintiff's services. These matters constituted issues of fact and the trial judge, like the jurors in a jury trial, had the duty to refrain from forming an opinion on such issues until the case was finally submitted to him.

A mere statement of the facts as above outlined compels the conclusion that the trial judge was not in a position to hear the witnesses for defendants with an open mind and that his action in advising defendants that it was to their best interests to settle for $7,500 was an irregularity which was highly prejudicial to them. According to the statement made by the judge from the bench, plaintiff was willing to accept the judge's suggestion of $7,500 in settlement and the judge told counsel for defendants to tell his clients that it would be to their best interests to settle on that basis. Upon their refusal to act upon the suggestion of the judge a judgment was rendered against them for $12,567.32. The language used by the court in *Pratt* v. *Pratt,* 141 Cal. 247, 252 [74 Pac. 742], is applicable to the present situation: "The trial of a case should not only be fair in fact, but it should also appear to be fair. And where the contrary appears, it shocks the judicial instinct to allow the judgment to stand."

The judgment is reversed.

McComb, J., concurred.

MOORE, P. J., Dissenting.—I dissent. The beneficial results of the court's attempt to conciliate controversies are obvious to those who have participated in many and various litigious disputes. "It is a function of a good judge" wrote Coke (4 Coke, 15 b) "to adjust disputes." While it would violate all proprieties and transgress recognized judicial ethics for a judge or other arbiter to become an active agent on behalf of one of the parties to negotiate with the other for a compromise settlement (*Livermore* v. *Bainbridge,* 44 Howe, 357), yet when, in the presence of counsel for both parties, he suggests the expediency and practical value of adjusting their differences, he is performing a function of the judicial office. (Kentucky Law Journal, vol. 18, page 330.) How far the judge should go in suggesting why a full trial and a formal judgment should be avoided is a matter to be

governed by sound judgment in view of the nature of the case and the disposition of the parties. But, in the absence of a showing of a pernicious activity against a party, and when all of the court's suggestions are made in the presence of all counsel, his indiscreet admonitions alone should not warrant a reversal. (*In re Nevitt*, 117 Fed. 448 [54 C. C. A. 622]; *Atherton* v. *Atherton*, 82 Hun, 179 [31 N. Y. Supp. 977]; *Harrington* v. *Boston Elevated Railway Co.*, 229 Mass. 421 [118 N. E. 880, 2 A. L. R. 1057].)

In the Harrington case, where the judge had suggested to defendant's counsel alone that he ought to be willing to pay anywhere from $3,750 to $5,000 to settle the case, the supreme judicial court of Massachusetts affirmed the judgment and remarked: "The conduct of the presiding judge did not violate the justly strict and lofty standard of our constitution."

In the Nevitt case, it was assigned as error that the judge had for many years endeavored to persuade the parties to compromise. But the appellate court's reply was that "his earnest and systematic endeavors to effectuate a compromise of this controversy bespeak for him emphatic commendation. The policy of the law has always been to promote and sustain the compromise settlement of disputed claims."

The fact that the judge in the trial of a suit involving attorney's fees suggested a figure which might form the basis of negotiations for a compromise is not proof that he did not hear with patience and with an open mind the testimony of the defense witnesses.

A petition for a rehearing was denied by operation of law, and respondent's petition for a hearing by the Supreme Court was denied August 14, 1941.