[Civ. No. 15488.   Second Dist., Div. One.   Dec. 9, 1946.]

SAMUEL T. WESTWOOD et al., Respondents, v. SAMUEL B. FRANKLIN, Appellant.

Gordon W. Levoy and A. Albert Spar for Appellant.

Miller & Beck for Respondents.

DORAN, J.—In this action to quiet title and for declaratory relief plaintiff prevailed and defendant appeals.

The facts briefly are as follows: In October, 1944, plaintiff purchased a residence occupied by defendant as a tenant. Following the purchase, plaintiffs' efforts to get possession were in vain; it appears from the record that an institution referred to as the O.P.A. complicated this procedure. Finally, plaintiff offered to sell the property to defendant; this was two or three months after the purchase and the offer was by letter written to defendant. Hearing nothing from defendant, plaintiff sold the property to one William A. Roach; an escrow was opened in the bank to complete the transaction. In August 24, 1945, upon learning of the sale, defendant wrote a letter to plaintiff accepting the offer made months before and notified the escrow holder of a claim of interest in the property. Defendant was still in possession.

At the trial the court found against defendant on all issues. In particular, the court found that the ''offer was revoked by operation of law prior to its acceptance by the lapse of said

unreasonable length of time between the making of said offer and its purported acceptance by defendant.'' Also, ''that there was never any valid binding contract between plaintiffs and defendants.''

On appeal, appellant argues that an unreasonable length of time had not elapsed; that the offer was still open; that certain evidence was received with regard to proceedings had before said O.P.A. and a few other objections on appeal that do not merit attention.

The appeal is without merit, in fact frivolous. No citation of authority nor further consideration is necessary to justify the action of the trial court. The evidence is sufficient to sustain the findings and there are no errors in the record.

The judgment is affirmed.

York, P. J., and White, J., concurred.