[Civ. No. 15631.   Second Dist., Div. Two.   Mar. 4, 1947.]

HOMER USSERY et al., Appellants, v. WALLACE W. JACKSON et al., Respondents.

William H. Keepin for Appellants.

Joseph O. Edwards and Glenn Whitney for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action for specific performance of an agreement for the sale of real property, plaintiffs appeal.

The undisputed facts are these:

In September, 1945, plaintiffs were shown certain real property belonging to defendants by a real estate broker.. Some two or three weeks later plaintiffs called upon another real estate broker, Mr. W. H. Coffinberry, and asked him to see what kind of arrangement he could make with defendants for the purchase of their property.   Thereafter Mr. Coffinberry called upon defendant Wallace W. Jackson and learned that

his property was for sale at $26,000. On Wednesday evening, October 17, 1945, Mr. Coffinberry went to Mr. Jackson's home about 8 o'clock and stated to him that some prospects for the purchase of his property were available. After discussing the terms Mr. Coffinberry prepared an instrument which was signed by defendants. The next morning Mr. Coffinberry arrived at plaintiffs' home and they delivered to him a check for $1,000 and signed the instrument previously executed by defendants, which instrument reads as follows:

"October 17, 1945

"The undersigned W. W. Jackson owner of the following property known as:

| | | | |
|---|---|---|---|
| 2611 | and 2613 | ) | Canada Boulevard |
| 2611A | and 2613A | ) | Glendale, Los Angeles |
| 2611B | and 2613B | ) | County, Los Angeles |

does by these presents, agree to sell the above described property and furnish a clear title on the following terms to wit:

"$1,000.00 cash at the time of signing escrow on or before November 3, 1945

"10,000.00 cash to be paid to said escrow on or before the closing of said escrow July 1, 1946

"14,000.00 to be represented by a note of even amount at the rate of 5% interest on deferred payments, including payments of $200.00 per month, including interest all in favor of Wallace W. Jackson and Marcella J. Jackson, his wife. Additional payments of multiples of $100.00 to be accepted at the date of any monthly payment.

"Present owner, W. W. Jackson to remain in Unit #2611 now occupied by him free of rent to July 1, 1946 and to collect all rents from the other five units, pay all taxes, insurances, and water rentals to July 1, 1946 all of which is a part of the consideration. And further said W. W. Jackson shall have the right to occupy said #2611 from July 1, 1946 upon the payment of $50.00 per month in advance.

"Both taxes and fire insurance pro-rate at close of escrow.

"Wallace W. Jackson
"Marcella J. Jackson

"We hereby agree to purchase
said property on the foregoing
terms and conditions.
Homer Ussery
La Verne Ussery

"I hereby agree to pay W. H. Coffinberry Real Estate Broker a commission of $1,000.00 in the event of the consummation of the above sale.

W. W. Jackson."*

On Thursday evening, October 18, 1945, defendants agreed to sell the property described in the foregoing agreement to Dr. Teaford and on Friday morning defendant Wallace Jackson telephoned to Mr. Coffinberry's office and left word that he had sold his property.

There are two questions presented for our determination:

First: *Did the document set forth above constitute an agreement for the sale of property described therein or merely a listing of the property for sale with the real estate broker Coffinberry?*

There can be no doubt that the document set forth above constitutes an agreement or contract for the sale of the real property described therein. The essentials of a valid contract consist in (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) a sufficient consideration. (Civ. Code, § 1550.)

In the present case each of the foregoing elements is present. The parties are capable of contracting, their consent is manifested by their signatures to the agreement, the object was lawful and there was a valid consideration.

The document as originally executed by defendants constituted an offer which was valid until such offer was withdrawn.

It is clear that since the agreement contained, at the time defendant signed it, these words, "We hereby agree to purchase said property on the foregoing terms and conditions," defendants expected to exact as a method of acceptance of their offer that plaintiffs sign the agreement and return it to Mr. Coffinberry who, as appears from the last paragraph in the agreement, was defendants' agent to consummate the sale. Therefore since plaintiffs signed the agreement prior to the time that defendants' offer to sell was revoked, there was a binding and valid contract between the parties for the sale of the property described in the agreement. It is likewise evident that since the agreement was clear and unambiguous on its

---

*It is to be noted that at the time defendants signed the agreement it included all of the words now appearing thereon excepting the signatures of plaintiffs.

face, parol evidence was inadmissible to alter or explain the terms of the written contract.

Second: *Was the contract capable of specific performance?*

This question must be answered in the affirmative. To warrant specific performance of a contract all the material terms of the agreement must be sufficiently certain to make the precise acts clearly ascertainable. The facts in the present case fall within the foregoing requirements. The parties are certain, the consideration is definite, and the terms and conditions upon which such consideration was to be paid are precisely stated as well as a description of the property to be sold.

*Easton, Eldridge & Co.* v. *Millington,* 105 Cal. 49 [38 P. 509], relied on by defendants, is clearly inapplicable for the reason that in the cited case the instrument was not clear, mutual or certain either as to the subject matter or the parties involved.

For the foregoing reasons the judgment is reversed.

Moore, P. J., and Wilson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 1, 1947.