[Civ. No. 7303. Third Dist. Apr. 30, 1947.]

CABBLE MARTIN, Appellant, v. IZORA MARTIN, Respondent.

F. H. Bowers and L. DeWitt Spark for Appellant.

C. E. Tindall and Al. B. Broyer for Respondent.

PEEK, J.—The present controversy arises out of an action for divorce instituted by the appellant husband. His charges of extreme cruelty were denied by the respondent wife, who by her cross-complaint likewise alleged and prayed for a decree upon the same ground. At the conclusion of the hearing upon the issues so joined, the trial court entered its order decreeing that the wife was entitled to an interlocutory decree of divorce. Additionally the court awarded her certain community property and a monthly allowance as alimony.

Four issues are raised by appellant: (1) That statements made by the trial judge during the course of the trial and prior to the time the cause was submitted evidenced a prejudgment thereof, thereby preventing a fair hearing; (2) that the findings relative to the community property of the parties are not supported by the evidence; (3) that findings of fact, conclusions of law, and the granting of an interlocutory decree to the wife are not supported by the evidence, and (4) that the award of certain community property and alimony to the defendant wife was an abuse of discretion.

It is true, as appellant contends, that when a trial judge sits as a trier of the facts he takes the place of a jury, and his conduct is subject to the same rules, one of which is that before the case is submitted to him he should "not form or express an opinion thereon. . . ." (Code Civ. Proc., § 611.) But that is not to say that during the course of a trial he is a mere functionary whose sole purpose is to preserve order and lend ceremonial dignity to the proceedings. Of necessity in a case such as the present, the court was compelled to assign

the property of the parties "in such proportions as the court from all of the facts of the case, and the condition of the parties, may deem just." (Civ. Code, § 146 [1].) Obviously, therefore, a trial judge in order to carry out the admonition of said section would be compelled to inquire as to the community property of the parties. Likewise, under the provisions of Civil Code sections 137 and 139 it also becomes necessary for the trial judge, in order to properly grant or deny a request for alimony, to thoroughly understand the general financial condition of the parties, the earnings of the husband and comparable matters, including agreements, if any, and the intent of the parties concerning such questions. Our examination of the record shows nothing more than this to have been the substance of the first comment of the trial judge, which is attacked by appellant.

The second comment made by the court, which appellant charges was improper, was made after both parties had rested. Such statement was, in the words of the trial judge, merely a summation of his views on the questions relative to the property rights of the parties. It therefore appears that such statement does not fall within the expressed prohibition of said section 611. Appellant has not cited, nor has our research discovered, any case to the contrary. The two cases cited by him are not in point. The first, *Rosenfield* v. *Vosper,* 45 Cal. App.2d 365 [114 P.2d 29], related to the propriety of certain acts of a trial judge in urging a settlement by the defendant before he, the defendant, had an opportunity to present his case. The second, *Pratt* v. *Pratt,* 141 Cal. 247 [74 P. 742], concerned the virtual threat by a trial judge to prejudge the case unless a wholly competent witness, a daughter of the parties, was withdrawn. Neither condition is present in the instant case.

█ Likewise, we find no merit in appellant's contention that the judgment is not supported by the evidence particularly in regard to the disposition made by the trial court of the community property of the parties.

It is well established that the duty of a reviewing court "begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support . . ." the findings and conclusion of the trial court. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

Much testimony was introduced relative to the execution and delivery of a deed to the home of the parties by the plaintiff husband to the defendant wife some time prior to the commencement of this proceeding.

Although by his complaint plaintiff alleged that he and his wife had divided their community property, he testified that he had executed and delivered the deed to his wife at her request for the sole reason that it would avoid difficulties should anything happen to him; that he had no intention of conveying all of his right, title and interest in the property to her; that he continued to pay taxes, made improvements thereon and in general treated the property as community; but admitted that subsequent to the delivery of the deed he had agreed to buy the property back from his wife.

The wife, however, denied generally plaintiff's testimony relative to the circumstances surrounding the execution and delivery of the deed, and to the contrary testified that at the time the deed was delivered to her there were serious difficulties between them, that they were going to separate; that plaintiff told her that if she would stay with him he would deed the property to her; that she agreed with his proposal and did not leave him; that some time thereafter plaintiff stated he was going to leave; that she pleaded with him to stay but that finally he left voluntarily.

 A judgment predicated upon a question of fact is supported by the evidence, although the testimony in relation thereto is in complete conflict. Such is the situation here. Additionally we are confronted with the presumption contained in Civil Code section 164 which, for the same reason, has not been rebutted.

 Appellant, further, would have us reverse the interlocutory decree of divorce on the pretext that the judgment here is also without support in the evidence. The transcript is replete with testimony which if taken alone is sufficient to convince an unprejudiced mind of the truth of the respondent's accusations and her right to a divorce on the ground of extreme cruelty. It is true that there is evidence tending to show acts of cruelty on the part of the respondent wife. The trial court, however, found the acts to be justified. At this point the following statement of the court in *Norris* v. *Norris*, 50 Cal.App.2d 726 at page 730 [123 P.2d 847] is particularly apropos:

"In justice to appellant we must state in passing that the evidence would have been sufficient to sustain a divorce in her favor had the trial court concluded that such was proper. The trial court has a wide range of discretion in determining whether either spouse was guilty of 'extreme cruelty' and in view of the evidence which substantially supported the findings and conclusions of law we must hold that the trial court did not abuse its discretion in awarding the divorce to respondent. *Andrews* v. *Andrews*, 120 Cal. 184, 187, 188 [52 P. 298]."

Lastly, appellant maintains that the trial court abused its discretion in awarding community property and permanent alimony to the wife. The husband is characterized by his counsel as being "in ill health, with a broken back and unable to do physical labor." The record shows that over the past few years he has built up a substantial insurance business and that the award of alimony is not beyond his ability to pay. If a future change of circumstances should arise, as for example that he was forced to do physical labor to earn a living, and is unable to obtain remunerative work, he may move the court for a modification of the award under Civil Code section 139.

There is no indication that the court abused its discretion in matters of this nature, and in the absence of such a showing, appellant has not sustained the burden placed upon him. (*Sharpe* v. *Sharpe*, 55 Cal.App.2d 262 [130 P.2d 462].)

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.