ALADDIN OIL BURNER CORPORATION, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. WILLIAM J. MORTON, DEFENDANT-RESPONDENT.

Submitted May 15, 1936—Decided October 9, 1936.

Before Justice BODINE and HEHER.

For the appellant, *Harry Levin.*

For the respondent, *Milton M. Unger.*

The opinion of the court was delivered by

HEHER, J.   Plaintiff sued to recover the price of an oil burner sold and delivered to defendant under a contract which conditioned defendant's liability for the purchase price upon a "reasonable satisfaction" with the equipment.   The latter disaffirmed under this clause.   The District Court judge, sitting without a jury, rendered judgment for the defendant.

The state of the case exhibits issues of fact; and in this situation it was error for the judge, at the close of the case, to deny the right of summation asserted by appellant.   This constituted an arbitrary deprivation of an absolute right, inherent in our system of trial procedure, rather than the exercise of a discretionary authority, reviewable only in the event of abuse—the right, of the very essence of the right of hearing answering the requirement of due process, to present an analysis of the evidence and the inferences claimed to be deducible therefrom to the trier of the facts, be that tribunal the judge or a jury.   It is, of course, subject to reasonable limitation in the exercise of a sound discretion.   Compare *Sullivan* v. *State,* 46 *N. J. L.* 446; *affirmed,* 47 *Id.* 151; *Lees* v. *Macchie,* 11 *N. J. Mis. R.* 245; 2 *R. C. L.* 405.   But limitation necessarily connotes the existence of this primary right.   The informality of procedure permissible in District Court proceedings does not comprehend the deprivation of an essential right such as this.   That tribunal's findings of fact on conflicting evidence are not reviewable on appeal.

The judgment is accordingly reversed, and the record remitted for further proceedings not inconsistent with this opinion; costs to abide the event.