Herschel H. GADDIS and Arab Pest Control Co., Inc., Appellants,

v.

Andrew E. HONGELL, Appellee.

No. 1665.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 7, 1955.

Decided Oct. 6, 1955.

——◆——

William S. Stanley, Washington, D. C., for appellants.

Lola Boswell, Washington, D. C., and John Spriggs, Jr., Washington, D. C., for appellee.

Andrew E. Hongell entered an appearance, pro se.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was an automobile collision damage suit which was filed in the small claims branch of the Municipal Court. The trial judge denied recovery to plaintiffs and awarded judgment to defendant on his counterclaim. Plaintiffs filed in this court an application for appeal. This we granted because it seemed that certain rights of the plaintiffs had not been respected.

An attorney filed the suit and appeared with plaintiff Gaddis when the case was called for trial. The record shows that at the start of the trial the judge took charge of the direct examination of Gaddis, directed him to draw a diagram of the scene of the accident and to tell how it happened. Gaddis said he was going north on 33rd Street at 15 to 17 miles per hour, approaching Prospect Avenue, when defendant "came out in front of me and I hit him." (At that stage of the trial it had not been brought out that Gaddis was on a preferred highway and claimed that defendant without stopping at a stop sign drove onto Gad-

dis' path.) Then according to the record: "The Court asked Gaddis several times if the Court had understood correctly that Gaddis had said that he, Gaddis, had run into defendant. After Gaddis had answered in the affirmative each time, the Court indicated that Gaddis should not have sued the defendant but that defendant should have sued Gaddis." Gaddis attempted to explain that he had stopped for a traffic light a short block from the scene of the accident, but the judge interrupted him and ruled that the evidence was irrelevant. It was not until that stage of the trial that the judge "offered plaintiff's counsel an opportunity to further examine" his client.

Defendant Hongell said he stopped for the stop sign. But, without objection, he admitted that he had forfeited collateral on a charge for failing to stop at the sign, and said his reason for so doing was that he did not want to go to the trouble of an appearance in court.

After a police officer had testified, the judge proceeded to decide the case against plaintiffs without hearing argument from their attorney. The record on this point reads as follows: "Without offering plaintiffs' counsel an opportunity to argue plaintiffs' case (there being no objection or offer to argue on counsel's part) ; the Court announced its findings. * * *" After that plaintiffs' attorney asked timely leave to file a motion for new trial. As to this the trial judge has certified, "Inasmuch as the trial was thorough, this was denied."

■ From the record as a whole we are forced to the conclusion that plaintiffs were deprived of the effective assistance of their attorney. As is well known and understood, the procedures established for the small claims court were designed to make the services and protection of that court available to every litigant, plaintiff or defendant, without a lawyer. But as ought to be equally well understood, it was never intended that lawyers be barred from that court or that there be any interference with their traditional functions when they

appear there.[1] In the small claims court, as much as in any other tribunal, it is the right of every litigant to enjoy the full protection and effective assistance of his own counsel. That is just as important to a civil litigant as to one who is a defendant in a criminal case. Thompson v. Atlantic Building Corporation, D.C.Mun.App., 107 A.2d 784. That right every judge is bound to respect. It is an impingement of that right when a judge ignores a plaintiff's counsel, takes over the examination of a plaintiff, and after asking a few questions announces that the litigant should be sued as defendant instead of suing as plaintiff, and interrupts the plaintiff to rule out as irrelevant an attempted explanation of his speed before collision. The irregularity of this procedure is emphasized by the fact that it was not until after these happenings and comments that the judge for the first time offered counsel "an opportunity to further examine" his client. Bova v. Bova, Mo.App., 135 S.W.2d 384. This was not a proper or traditional judicial approach.

■ In addition it involved the further mistake, which was more than merely procedural, of voicing an opinion as to the merits of the case before plaintiff had even finished his testimony. This was clearly a precipitate step. Every judge should refrain from forming or expressing an opinion as to issues of fact until the case has been finally submitted to him. Martin v. Martin, 79 Cal.App.2d 409, 179 P.2d 655. This court has twice said that findings of fact should not be made either on motion of counsel or by a judge *sua sponte* until the evidence has been completed. Carow v. Bishop, D.C.Mun.App., 50 A.2d 598; Merriam v. Sugrue, D.C.Mun.App., 41 A.2d 166.

A plaintiff, and his counsel as well, must surely be frustrated when told that their claim has no merit—not only before a trial is finished, but when it has barely gotten under way.

■■ Another impropriety which stands out in the record is the action of the judge in deciding the case without giving plaintiffs' attorney an opportunity to present his argument. This should be considered in connection with the judge's refusal to permit plaintiffs' attorney to submit or argue a motion for new trial. We are aware that under small claims rules, a judge must approve the filing of a motion for a new trial. What the framers of the rule had in mind was to provide a braking process to protect the court from a mass of time consuming motions. We do not think it would have been burdensome to hear and consider this proposed motion.

■ We feel that the trial judge misconceived the function of the motion for new trial when he said that he would not entertain it, "inasmuch as the trial was thorough." Presumably all trials are thorough; but even in thorough trials mistakes are sometimes made. A motion for new trial enables counsel to review the case with the judge and to point out errors in rulings and procedures; also it gives the judge an opportunity to correct such errors. See Saginaw Broadcasting Co. v. Federal Communications Comm'n, 68 App.D.C. 282, 96 F.2d 554, certiorari denied Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391.

Reversed, with instructions to grant a new trial.

1. Since one of the plaintiffs was a corporation, it could not have appeared except by attorney. Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861.