W. W. MOORE, Appellant,

v.

Isabel C. MOORE, Appellee.

No. 2044.

Municipal Court of Appeals for the District of Columbia.

Submitted Aug. 19, 1957.

Decided Oct. 30, 1957.

Charles N. Ford, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

A husband sued for divorce on the ground of "voluntary separation from bed and board for five consecutive years without cohabitation". Code 1951, § 16–403. Defendant wife at first resisted the suit and filed a counterclaim demanding maintenance. At pretrial the possibility of reconciliation was found to be hopeless. A property settlement was executed just before trial. The wife did not testify at the trial, and appeared only by her counsel.

The basic testimony of plaintiff, a retired army officer, was that when he returned from overseas duty in April 1946 his wife refused to cohabit with him, and that since that time there have been marked tensions and resentments between them and no resumption of marital relations; that though they have lived in the same house (which contains six bedrooms) they have occupied separate bedrooms, the wife keeping her bedroom locked; that except for one cocktail party and one "neighborhood get together" which they were expected to attend, they have had no social life together. He said that for the past several years, because of the tension and friction between them, he had been eating his meals away from the home; also that there had been no attempt at reconciliation in the past ten or twelve years.

Plaintiff's testimony was supported generally and as to certain episodes and periods of time by a married daughter and a twenty-five-year-old son of the parties.

When plaintiff rested the trial judge immediately announced that he would dismiss the case; that he did not think either

644

of the two witnesses "had any idea what they were talking about"; that they were not "credible witnesses";[1] and concluded by saying, "I find there is no corroboration here and I will dismiss the case." He refused to permit argument by plaintiff's counsel.

Bringing the case here, plaintiff urges reversal because of (1) the ruling as to corroboration, (2) refusal to permit argument by his counsel, and (3) bias of the trial judge displayed by harassing cross-examination and hostile and derogatory remarks directed to and concerning plaintiff and his witnesses.

■ In announcing his decision the judge ruled, as we have said, that there was no corroboration. In the hearing on proposed findings of fact he also said that plaintiff would be required to produce a corroborating witness with "continuous knowledge on the part of the witness that the people were not cohabiting." Referring to the fact that during the five-year statutory period the son had been away from home for several months at a time, the judge said, "That wouldn't be sufficient to prove a case when the corroborating witness was away for those periods." The record leaves no doubt that the judge held that corroboration was required as an essential part of plaintiff's case. That was erroneous. Schroeder v. Schroeder, D.C.Mun. App., 133 A.2d 470. (In fairness, it should be noted that the instant case was decided below before the Schroeder decision was handed down by this court.)

The error was compounded by requiring that corroborating witnesses have a continuing day-by-day knowledge of uninterrupted non-cohabitation. Even if the law required corroboration it would not impose a rule so harsh and unrealistic.

■ Next we consider the error assigned in connection with the judge's refusal to hear argument by plaintiff's attor-

ney. While the Supreme Court has said that oral argument is not an absolute right as part of due process, Federal Communications Comm. v. WJR, The Goodwill Sta., 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353, it has more than once declared that in order to assure a full hearing a party must have ample opportunity by "evidence and argument" to make an adequate presentation of his case. See Shields v. Utah Idaho Cent. R. Co., 305 U.S. 177, 59 S.Ct. 160, 163, 83 L.Ed. 111; Morgan v. United States, 304 U.S. 1, 58 S.Ct. 999, 82 L.Ed. 1129; Akron, C. & Y. Ry. Co. v. United States, 261 U.S. 184, 43 S.Ct. 270, 67 L.Ed. 605; Londoner v. Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103.

To the same general effect, see Van Dyke v. Martin, 55 Ga. 466; Vieceli v. Cummings, 322 Ill.App. 559, 54 N.E.2d 717; Handlon v. Town of Belleville, 4 N.J. 99, 71 A.2d 624, 16 A.L.R.2d 1118; Aladdin Oil Burner Corporation v. Morton, 117 N.J.L. 260, 187 A. 350.

We think it cannot be questioned that justice is always better served and the appearance of justice assured when every party is afforded the opportunity to build his case by "evidence and argument". As Judge Learned Hand has said, "Justice does not depend upon legal dialectics so much as upon the atmosphere of the court room, and that in the end depends primarily upon the judge." Brown v. Walter, 2 Cir., 62 F.2d 798, 800 (quoted in Knapp v. Kinsey, 6 Cir., 232 F.2d 458, 467, certiorari denied 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86).

To keep "the atmosphere of the court room" in a clear and true state of balance, and to make certain that justice satisfies the appearance of justice, counsel should not be denied the right to assist the court by oral argument in analyzing evidence and applying the law.

The importance of this tenet was emphasized in Gaddis v. Hongell, D.C.Mun.App.,

1. Later, the judge explained that he did not mean they were "lying"; but he repeated in his formal findings that they were not credible witnesses.

117 A.2d 230, 232. There we held that the right to the full protection and effective assistance of counsel is one which every judge must respect, that a judge should refrain from forming or expressing an opinion until a case "has been finally submitted to him", and that it is improper to decide a case without giving counsel an opportunity to argue it.

In view of what we have already said, it is unnecessary to discuss appellant's third contention.

Reversed with instructions to award a new trial.