**Harold L. LEWIS, Appellant,**

v.

**FEDERAL SERVICES DISCOUNT CORPORATION OF BALTIMORE,**
**Appellee.**

**No. 2702.**

Municipal Court of Appeals for the District of Columbia.

Submitted April 17, 1961.

Decided May 8, 1961.

George C. Dreos, Washington, D. C., for appellant

Francis L. Casey, Jr., Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

A plaintiff appeals from an order dismissing his suit on the ground of forum non conveniens. The complaint alleged conversion, breach of contract and fraud and charged among other things that defendant, as assignee of a chattel mortgage on an automobile, had agreed not to repossess the automobile if certain amounts were paid; that though plaintiff paid the agreed amounts defendant in violation of the agreement wrongfully and maliciously seized the automobile. After answer on the merits the case in due course was reached for trial.

Calling counsel into chambers the trial judge asked where the contract had been made and was told it had been entered into in the State of New York. He then asked where the car had been repossessed and was told it happened in California. The judge thereupon announced "that he was dismissing this action, sua sponte, on the ground of forum non conveniens." He refused to permit plaintiff's counsel to present any argument on the subject.

In the complaint plaintiff (a member of the Armed Services with a New York APO address) described himself as a resident of California. Defendant was stated to be a Delaware corporation doing business in the District of Columbia, and was served with process here. On these bare facts together with the responses to the judge's two questions, above stated, was it proper to subject plaintiff to a summary dismissal of his action? We think not.

 In determining whether the doctrine of forum non conveniens should be applied trial courts should, as the Supreme Court has said, weigh certain competing considerations such as access to sources of proof, availability of witnesses, and cost of obtaining their attendance.[1] And this court has said that judges should proceed cautiously and make sure that the balance is strongly in favor of a defendant before putting a plaintiff out of our courts and sending his elsewhere.[2] Such was not done in this case. Instead, in a proceeding of apparently only a few moments' duration in chambers—and the record reveals no reason why the case was not considered in open court—the case was dismissed, not on defendant's motion but on the judge's own initiative.

We have no way of knowing what would have developed if the matter had been ex-plored more thoroughly, as it should have been if jurisdiction was to be rejected. But on the record before us it is plain that the action should not have been dismissed.

We also sustain the contention of appellant's counsel, made in a separate assignment of error, that it was wrong to refuse to hear him in argument. We have had occasion to state that while argument is not an absolute right as part of due process, justice is better served when a party is not deprived of the right to argument, and that it is improper to decide a case without giving counsel the right to be heard.[3]

Reversed, with instructions to set aside order of dismissal.

---

1. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

2. Walsh v. Crescent Hill Co., D.C.Mun. App., 134 A.2d 653.

3. Moore v. Moore, D.C.Mun.App., 135 A. 2d 643; Gaddis v. Hongell, D.C.Mun. App., 117 A.2d 230.