**Virginia GASKINS, Appellant,**

v.

**Frank L. GASKINS, Appellee.**

**No. 2847.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 20, 1961.

Decided Dec. 7, 1961.

E. David Harrison, Washington, D. C., with whom Joseph V. Gartlan, Jr., and Leonard S. Melrod, Washington, D. C., were on the brief, for appellant.

Edmund L. Browning, Jr., Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

A wife appeals from a decision dismissing her complaint for a divorce on the ground of desertion.

At trial plaintiff testified that she was married to defendant in May 1956, that in February 1957 he left their home in the District, taking most of his belongings with him and did not say where he was going. She testified that she tried to locate him by calling his parents and also sent letters to him which he never answered; that in late April he came to get the rest of his belongings, "and he told me I could get a divorce," and again did not say where he was going. (Her testimony as to the husband's departure in February 1957 and his continuing absence was corroborated by her landlady.)

Under questioning by the trial judge, plaintiff said among other things that she didn't want her husband to leave, that he just walked out, and that she had never mentioned divorce to him. Then the judge asked her: "Well, how do you feel now? Would you take him back if he would come back?" and she responded: "Well, since it is a long time, I don't know. It's a waste of time, the time we have been away from each other is just a waste of time now."

As soon as plaintiff's corroborating witness left the stand, and without giving plaintiff's counsel an opportunity to be heard the trial judge announced that desertion had not been proven, that "this takes on the nature of a voluntary separation, so I am just going to deny a divorce on the ground of desertion." He refused to hear plaintiff's counsel, saying: "You can argue and quibble with my decision, but it is not going to amount to anything because I have made up my mind."

We hold that plaintiff was entitled to a decree of divorce on the statutory ground of desertion. Code § 16–403. We think this case clearly fits the accepted definition of desertion as "a voluntary separation of one party from the other without justification, an intention not to return, and the absence of consent or connivance of the other party." Marcey v. Marcey, D.C.Mun.App., 130 A.2d 918, 919.

Plaintiff's evidence was corroborated in part and was not inherently incredible. It clearly established that the husband left her for no good or stated reason, and without her consent. This was a clear and definitive abandonment. We think the trial judge misapplied the law when he held that the parting was "in the nature of a voluntary separation." If he based his conclusion on the wife's statement at trial, almost four years after the desertion, as to how she felt about taking her husband back, he was again misapplying the law. Desertion having taken place in 1957, and having ripened into an actionable cause for divorce in 1959, the wife was not to lose her rights because she did not offer to mend the situation by taking her husband back. Her sense of futility is patently understandable. Moreover, there was an inherent unfairness in the judge's question, since there had been no suggestion that the husband had any thought of coming back.

We regret the necessity for again calling attention to the rule that cases should not be decided without first giving counsel an opportunity to be heard in argument. Lewis v. Federal Services Discount Corp. of Baltimore, D.C.Mun.App., 170 A.2d 235; Moore v. Moore, D.C.Mun. App., 135 A.2d 643; Gaddis v. Hongell, D.C. Mun.App., 117 A.2d 230. The cause of justice is not served when a judge announces that he has made up his mind and argument would not amount to anything.

Reversed with instructions to grant plaintiff the relief prayed.