Richard M. TRUSLOW, Appellant,

v.

Patricia May TRUSLOW, Appellee.

No. 3723.

District of Columbia Court of Appeals.

Argued July 26, 1965.

Decided Aug. 25, 1965.

Rex K. Nelson, Washington, D. C., for appellant.

Edward J. McGrath, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

For review here is an order holding appellant in contempt and committing him to jail for 180 days for failure to provide support for the four minor children of the parties as directed by the court.

The history of this case reveals a failure by appellant from the beginning to fully comply with the court order for support of his family. The initial order was entered *ex parte* and without his attendance to testify as to his financial status at the time. Six weeks later he was found in contempt by reason of arrears. A specific finding was made that he had the ability to pay. In accordance with the usual practice, he was given a jail sentence, with commitment stayed on the condition that he make his current weekly support payments and pay an additional amount to discharge the arrearages. More than a year later he was again held in contempt for failure to fully comply. Commitment to jail was again stayed provided he kept up the original weekly support and paid an additional amount to discharge the arrearage. Absent from this order of commitment was any finding that the husband had the financial ability at that time to comply with this order of support. Ultimately, for reasons not clearly shown, he quit his 13-year employment and from his severance pay discharged the prior arrears. Thereafter, he was unemployed, although the exact period of time he was out of work and whether it was occasioned by unavailability of employment or by wilful failure to seek re-employment is not shown by the record. There is also reference to assessment of a tax deficiency against him by the Internal Revenue Service. Follow-

ing a hearing on a third motion for contempt, appellant was sentenced to 180 days in jail, with no stay of execution except by the immediate payment of some $1,378. Although represented by counsel, who explained appellant's absence by representing he had embarked on recent employment and feared to jeopardize his position by asking for leave, appellant did not appear personally to explain his failure to make the required support payments. Again no finding was made as to ability at that time to make payments under the order. Appellant has requested our review.

We pointed out in Johnson v. Johnson, D.C.App., 195 A.2d 406, 409 (1963), that the trial court frequently finds it more practical, for the best interests of the family, to stay execution of commitment as long as the husband or father pays, in addition to the current installments as they become due, an extra amount to discharge the arrears. However, the burden is upon him to show by competent evidence a reasonable excuse for nonperformance and when he offers no valid reason for default the trial court has the right to enforce compliance by imprisonment unless the husband should purge himself of the arrears. 16 D.C.Code, 1961 § 916 (Supp. IV 1965).

It is well settled that a wife and minor children are entitled to an award of maintenance and support if there is a showing of need and that the husband or father has failed or refused to contribute thereto although financially able to do so. DeSipio v. DeSipio, D.C.Mun.App., 186 A.2d 624, 626–627 (1962); Johnson v. Johnson, D.C.Mun.App., 163 A.2d 127 (1960). The rule is equally well established that the original underlying order for payment of support and the commitment order itself for failure to comply must rest upon the indispensable finding that, at the dates of issuance of these orders, the husband had failed or refused to maintain his wife and minor children *although able to do so*. The absence of such finding negates the

validity of commitment and an appellate court is without authority to supply such findings. Lundregan v. Lundregan, 102 U.S.App.D.C. 259, 252 F.2d 823 (1958). Although a court should aid in the enforcement of the husband's legal duty to provide needed assistance for his wife and minor children, it may enforce this obligation only commensurate with his financial ability to pay. Payton v. Payton, D.C.App., 187 A.2d 899, 900 (1963). The court must remain equally mindful of the husband's welfare and avoid penalizing him by the imposition of harsh financial terms, impossible of performance by him. DeSipio v. DeSipio, supra; Johnson v. Johnson, D.C.Mun.App., 163 A.2d 127 (1960).

We are aware that appellant was derelict in his responsibility to present to the trial court competent evidence of inability financially to pay the total amount set by the order of March 5, 1965, here for review. But there was in the record previous evidence indicating he had encountered difficulties in meeting the weekly payments directed by the court, which must be viewed in the light of his weekly earnings, having in mind that he, too, was entitled to a reasonable amount for his own living costs. We do not approve appellant's laxity or indifference in not taking prompt measures to apply for aid of the court in having his contribution toward support of his family realistically reduced or corrected if his financial situation had changed since the date of the initial order. Had he done so and presented relevant evidence to substantiate his true position, this appeal would probably have been unnecessary. That he did not do so, however, does not release the applicability of the Lundregan rule that a finding by the trial court as to

financial ability to pay the support ordered is a necessary prerequisite to enforcement by imprisonment.

Within the framework of these guidelines, we have examined the record. As we are satisfied that appellant's ability to pay the amount of support at the time of the issuance of the order of March 5, 1965, was a factual question to be determined by the trial court prior to his commitment to jail, we express no views at this time on the sufficiency of the evidence before the trial court on this issue. It is with the failure to make any essential finding on this specific point that we are concerned, as its omission invalidated any commitment to jail as a means of enforcing support for the minor children.[1] We hold that in the absence of such finding as to the husband's ability to pay support, the provision of the order of March 5, 1965, for appellant's commitment to jail must be reversed.

Appellant also charges prejudicial error in denying him the right of cross-examination of the wife and of final argument at the hearing on the motion. There may have been some procedural errors in the conduct of the hearing, for cases should not be decided without full opportunity for counsel for both parties for cross-examination of the witnesses, especially the involved parties to the action, and for oral argument of the facts and applicable law. Gaskins v. Gaskins, D.C. Mun.App., 175 A.2d 783 (1961); Moore v. Moore, D.C.Mun.App., 135 A.2d 643 (1957). However, we do not find it necessary to pass directly on these points in view of our final disposition of the appeal.

Reversed.

---

1. Cf. Vance v. Vance, D.C.App., 212 A.2d 532 (decided August 2, 1965) and Suber v. Suber, D.C.App., 195 A.2d 411 (1963) where the trial court made findings as to the husband's ability to pay in each case, which were challenged upon appeal and affirmed by this court.