**Carmen S. LATTISAW, Petitioner,**

v.

**Joseph W. LATTISAW, Respondent.**

**No. 19713.**

United States Court of Appeals District of Columbia Circuit.

March 3, 1966.

---

Miss Catherine U. Welch, Washington, D. C., was on the brief in support of the petition.

No appearance was entered for respondent.

Before FAHY, WRIGHT and LEVENTHAL, Circuit Judges.

### ORDER

On consideration of petitioner's petition for the allowance of an appeal from a judgment of the District of Columbia Court of Appeals and of the brief in support thereof, it is

Ordered by the court that the aforesaid petition is denied.

PER CURIAM:

Petitioner sued her husband for custody of their five minor children and for support for them and herself.[1] The District of Columbia Court of General Sessions granted her custody, the husband having so consented, and ordered that he pay $130 per month as support for the children. That court declined to order support payments for petitioner because it found her husband was "justified in leaving the marital abode" because of his wife's "extravagance and cruel conduct."

The District of Columbia Court of Appeals (DCCA) affirmed. Lattisaw v. Lattisaw, 210 A.2d 11 (1965). On petition for allowance of an appeal to this court, we remanded the case so that the D. C. Court of Appeals might consider whether the denial of support to petitioner on the ground of misconduct was permissible, absent a determination of the effect of such denial on her ability to provide proper care for the children entrusted to her custody. Lattisaw v. Lattisaw, No. 19,417, Order of September 20, 1965.

On September 29, 1965, the D. C. Court of Appeals entered a memorandum adhering to its opinion, which stated:

In our opinion, the record makes plain that the trial court determined the greatest amount that the husband could reasonably pay, and ordered that such sum be paid for support of the children.

With this amplification of the trial court's action,[2] the decision of the District of Columbia Court of Appeals does not merit further review.[3]

---

1. D.C.Code § 16-415 (1961).

2. The trial court did not make specific findings of fact on the husband's earnings and ability to pay. Had it done so, petitioner's application for appeal could have been given more expeditious treatment. Such specific findings have been held necessary as a predicate for a finding of contempt for failure to comply with the order. See Truslow v. Truslow, 212 A.2d 763 (DCCA 1965).

3. See Rule 1, Rules Governing Review of Cases from the DCCA. See also Mazique v. Mazique, 123 U.S.App.D.C. ——, 356 F.2d 801, decided January 17, 1966.