**A.S., Appellant,**

v.

**DISTRICT OF COLUMBIA, ex rel. B.R., Appellee.**

**No. 88–926.**

District of Columbia Court of Appeals.

Argued June 18, 1991.

Decided July 26, 1991.

---

Kirk Callan Smith, for appellant.

Martin B. White, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the Memorandum in Lieu of Brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and FARRELL, Associate Judges.

FARRELL, Associate Judge:

In this appeal from a decision of the Superior Court Family Division requiring the father of a child born out-of-wedlock to pay child support, appellant makes several challenges to the Revised Child Support Guideline adopted as a Superior Court Rule on September 28, 1987, and applied in this case, but subsequently held to be invalid in *Fitzgerald v. Fitzgerald*, 566 A.2d 719 (D.C.1989). We reject these contentions and affirm.

A Hearing Commissioner, upon finding that appellant owed a duty of support to the child C.R., applied the guideline, which was then in effect, and ordered appellant to pay $369.91 per month towards the support of the child. Upon review of this order pursuant to Super.Ct.Gen.Fam.R. D(e)(1) (1990), the trial court found that "the Commissioner made no error in determining that respondent could adjust his monthly expenses to meet the Guideline amount," and affirmed the support order.

■ On appeal, appellant's first contention is that this court's decision in *Fitzgerald, supra*, issued nearly two years after the support order was entered in this case, deprives the order of its legality. In *Fitzgerald* the court held that because the guideline adopted by the Superior Court changed existing substantive law governing child support in the District of Columbia, it contravened the limited grant of authority to the Superior Court to adopt rules of procedure. D.C.Code § 11–946 (1989); *Fitzgerald*, 566 A.2d at 728–32. On May 15, 1990, however, the Council of the District of Columbia enacted as permanent legislation a new child support guideline substantially the same as the previous one, D.C.Code § 16–916 (1990 Supp.) (setting forth temporary law).[1] Section 16–916.1(r) specifically provides:

> A child support order shall not be deemed invalid on the sole basis that the child support order was issued pursuant to the Superior Court of the District of Columbia Child Support Guidelines and prior to March 15, 1990.

Appellant has provided no sound reason why this statute does not govern the child support order in this case. He urges that the statute was intended only to preclude

1. The Council had previously adopted the new guidelines as emergency and then temporary legislation. *See J.A.W. v. D.M.E.*, 591 A.2d 844, 846 n. 2 (D.C.1991).

litigants from challenging existing *unappealed* support orders, not orders such as this one that were being appealed at the time *Fitzgerald* was decided. The plain language of the statute, however, supports no such distinction among orders; it validates, retroactively, any order issued pursuant to the 1987 guideline before the date of enactment of the curative legislation. Such corrective legislation generally is held applicable to pending litigation unless the specific law in question provides otherwise. 2 N. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 41.16, at 424 n. 24 (4th ed. 1986 rev.); *Fullilove v. United States Casualty Co. of N.Y.*, 129 So.2d 816, 824 (La.1961); *cf. In re Parkwood, Inc.*, 149 U.S. App.D.C. 67, 109, 461 F.2d 158, 200 (1971) ("curative statute ... may not be operative as to pending litigation where the legislature has so indicated by express provision"). The general rule governs this case.

Appellant next argues that the child support guideline is unconstitutional as violating due process of law and the separation of powers. The due process challenge is partly to the statute on its face. Specifically, appellant attacks the requirement that "[a]pplication of the guideline shall be presumptive," such that it "shall be applied unless application of the guideline would be unjust or inappropriate in the circumstances of the particular case," D.C.Code § 16–916.1(*l*), with a corresponding burden on the party opposing application to show "exceptional circumstance[s] that would yield a patently unfair result." *Id.*, § 16–916.1(*l*)(8); *see Fitzgerald*, 566 A.2d at 730–31.

■ "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987). Here the legislature has chosen to restrict the ability of commissioners and trial judges to depart from the computations of the guideline; we may disturb that judgment only if it lacks "a rational basis." *Chapman v. United States*, — U.S. —, 111 S.Ct. 1919, 1927, 114 L.Ed.2d 524

(1991). The considerations underlying the original adoption of a guideline by the Superior Court and its subsequent enactment by the Council of the District of Columbia are summarized in *Fitzgerald*, 566 A.2d at 722–28. They furnish a rational basis for the presumption that the guideline shall apply.

■ Appellant argues that the presumption is unfair because it requires judges to "plug in numbers from a computer" rather than exercise the case-specific discretion historically entrusted to them in this area of the law. That argument is no more persuasive than the due process challenge to mandatory criminal sentences now firmly rejected by the Supreme Court: "Congress has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman,* — U.S. —, 111 S.Ct. at 1928, 114 L.Ed.2d 524; *Lockett v. Ohio*, 438 U.S. 586, 604–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978) (plurality opinion). Moreover, as indicated, the trial court has authority to depart from the child support guideline in circumstances where application of it "would be unjust or inappropriate," D.C. Code § 16–916.1(*l*); the statute gives examples of such "exceptional circumstances."

■ Nor are we persuaded by what amounts to an as-applied argument that the guideline violates due process on the facts here because—appellant asserts—it requires him to pay "virtually all the child's expenses, despite the fact that the mother's income is not much less than his." We pointed out in *Fitzgerald* that "[a]dhering to a presumption in the face of facts to the contrary may constitute an abuse of discretion." 566 A.2d at 731. Like the trial judge, we find no abuse of discretion, much less a violation of due process, in the commissioner's failure to depart from the guideline here. The record supports the commissioner's determination that appellant could adjust his monthly expenses to meet the guideline amount. As to the claim that that amount represents nearly the entirety of the child's present living

expenses, the trial judge's rejection of the claim is convincing:

> Respondent bases his claim on the fact that the Guideline amount of $369.95 [sic] is nearly all of the child's present expenses listed on petitioner's financial statement and in the Commissioner's findings. Respondent fails to recognize that the $398.00 [constituting the child's present expenses] represents the amount petitioner [the mother] spends on the child because it is within her income. According to petitioner's testimony, there are many things which the child must do without, such as new clothing, because of petitioner's limited income. To rule in respondent's favor on this issue would be to penalize petitioner for living within her limited income and to deny the child the financial support he deserves to receive from his father. There is no inequity in ordering respondent to pay the above amount. The evidence does not in any way indicate that petitioner will expend less money on behalf of the child when she receives support from the respondent.

■ Finally, appellant's argument that the guideline violates the separation of powers by curtailing the discretion of judges in awarding child support is untenable in light of *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (federal sentencing guidelines do not violate constitutional separation of powers).[2]

Accordingly, the judgment of the Superior Court is

*Affirmed.*

---

**2.** We do not reach appellant's belated argument that differences between the new (legislatively adopted) guideline and the former one may be sufficient to constitute changed circumstances, *see Hamilton v. Hamilton,* 247 A.2d 421, 422 (D.C.1968), justifying recomputation of the support award. Appellant identifies no such differences, and in any event such a claim must be presented to the trial court in the first instance.