Wardell GUYTON, Appellant,

v.

Clara L. GUYTON, Appellee.

No. 90–1144.

District of Columbia Court of Appeals.

Argued Dec. 16, 1991.

Decided Feb. 14, 1992.

---

Wardell Guyton, pro se.

Clara Guyton, pro se.

Before SCHWELB and WAGNER, Associate Judges, and BELSON, Senior Judge.

WAGNER, Associate Judge:

This appeal is from a decision of the Superior Court increasing the amount of appellant's child support obligation from $450 per month to $853 per month. Appellant, Wardell Guyton, argues that the trial court erred in increasing his support obligation by application of the Child Support Guideline[1] to an "assigned" gross annual income rather than actual income under the circumstances presented. The trial court found that appellant had been unemployed for at least four months and diligently seeking employment in his field without success. We conclude that the trial court erred in increasing the original support order under the circumstances and reverse and remand for consideration of appellant's request for reduction or temporary suspension.

### I.

The parties were divorced in July 1982, and custody of their two minor children was awarded to appellee, Clara L. Guyton. Support for the children was established in the 1982 decree at $450.00 per month.[2] The parties' oldest child was born on July 11, 1971 and was attending college at a local university when the modification order was entered. The parties' youngest daughter, who was born May 20, 1973, was an eleventh grade student.[3] The older child was living in an apartment where she shared rent with another student. The parties purchased an automobile for the youngest daughter at a monthly note of $252.60, although the daughter later assumed the greater responsibility for it. Appellee's gross annual salary was $29,760 at the time of the hearing, and she claimed that she was expending approximately $55,000 per year for living expenses for herself and the two children. Although observing that the expenses were high under the circumstances, the trial court concluded that there was no serious dispute that a material change in the financial needs of the children had occurred since 1982.

Appellant was terminated from his employment as a "technical engineer" in April 1990. Subsequently, his income consisted of unemployment compensation and pay for four days of military duty each month.[4] He also had rental income, on heavily encumbered real property, which did not cover expenses.[5] The trial court found that appellant had made diligent efforts to obtain employment in his field and that his accumulation of arrearages was not intentional or purposeful.[6] In spite of these findings, the trial court determined that

1. D.C.Code § 16–916.1 (Supp.1991).

2. Actually, the decree continued support in an amount set in a prior proceeding between the parties filed in 1981. *Guyton v. Guyton,* Civil Action No. D 389–81.

3. Both children had part-time earnings at the time of the motions hearing, but the court did not consider them in determining the modified award.

4. The trial court made no finding as to the amount of appellant's monthly income. Appellant's financial statement reflects a monthly gross of $820.

5. In connection with other relief requested by the parties, in the same order as the one from which this appeal is taken, the trial court ordered appellee to cooperate in lifting a writ of attachment on appellant's retirement benefits with his former employer provided appellant executed documents to release the portion required to pay existing arrearages in child support.

6. The order appealed from also resolved in appellant's favor a motion for contempt for failure to pay fully the child support obligation. After credits for direct payments, appellant was found to be in arrears in the amount of $1269.29 as of April 17, 1990. The trial court found no intentional or willful disobedience to the support order. *See Hoffman v. Hoffman,* 210 A.2d 549, 550 (D.C.1965) (obligation for child support enforceable only commensurate with parent's ability to pay).

appellant should have no difficulty in obtaining a permanent full time job paying between $40,000 and $50,000 a year. This conclusion rests solely on appellant's testimony that he could expect to earn in that range based on his job experience. Absent from the court's findings is any basis for concluding that current market conditions would assure appellant's employment at that level within a reasonable period of time.[7] Nevertheless, the court applied the child support guideline, assigning appellant a gross annual salary of $45,000 a year and calculating the modified child support order based on that sum.

## II.

■ To warrant modification of a support order, the moving party has the burden of showing a substantial and material change of circumstances with respect to either the needs of the children or the financial ability of the parent to pay. *Graham v. Graham*, 597 A.2d 355, 357 (D.C. 1991); *Nelson v. Nelson*, 548 A.2d 109, 118 (D.C.1988). The standard is disjunctive, and either change may be the basis for modification of a child support order. *Graham*, 597 A.2d at 357. However, a parent's obligation to support a minor child can only be enforced commensurate with the parent's ability to pay. *Benvenuto v. Benvenuto*, 389 A.2d 795, 800 (D.C.1978); *Hoffman, supra*, 210 A.2d at 550.

■ Another principle guides our consideration of the issue presented. Although the amount indicated by application of the Child Support Guideline applies presumptively, D.C.Code § 16–916.1(b)(8) (Supp. 1991), the trial court has authority to depart from it where its application "would be unjust or inappropriate." D.C.Code § 16–916.1(1) (Supp.1991); *A.S. v. District of Columbia ex. rel. B.R.*, 593 A.2d 646, 648 (D.C.1991). When the trial court adheres to the presumption where the facts clearly indicate the contrary, it may consti-

tute an abuse of discretion. *A.S.*, 593 A.2d at 648. Thus, the financial ability of the parent to pay the support obligation remains a factor for consideration in modifying a support obligation. With these principles in mind, we turn to the trial court's decision modifying the support order in this case.

## III.

■ Appellant argues that the trial court erred in relying on *Freeman v. Freeman*, 397 A.2d 554 (D.C.1979) to establish his gross income and to calculate his support obligation under the circumstances of this case. We agree. The holding in *Freeman* resulted from a situation where the parent under a support obligation voluntarily quit a well-paying job and made minimal efforts to find employment commensurate with his skills. Instead, the father stayed home babysitting while his second wife worked. The court imputed to him as income the value of his babysitting services. *Id.* at 556. We held that under such circumstances, the parent's ability to pay is not a function of actual earnings, but must be considered more broadly to derive from his earning capacity in the current job market, given his educational background and work experience. *Id.* In a subsequent decision, this court adhered to the *Freeman* principle in determining ability to pay for a parent faced with a motion for contempt. *Smith v. Smith*, 427 A.2d 928, 932 (D.C. 1981). Similarly, a voluntary decrease in income will not justify a reduction in support payments. *Hamel v. Hamel*, 539 A.2d 195, 201 (D.C.1988).

There is no dispute in this case that appellant did not voluntarily leave his well-paying position. Moreover, the court concluded that appellant's inability to locate work since that time was not self-imposed. Further, there was no evidence that current economic conditions would assure that appellant would obtain employment earning between $40,000 to $50,000 each year in

---

7. Appellant has one college degree and, according to the trial court, the 1982 Findings of Fact showed that he had completed the course work for a Ph.D. in Physics. The earlier findings showed that appellant had an undergraduate degree from Alabama A & M and that although he completed course work for a Ph.D. in Physics at Howard University, the university also requires a masters degree and thesis, neither of which appellant completed.

the near future. Assuming the applicability of the *Freeman* principle in setting a guideline support award, it does not apply under the facts of this case where termination of employment and inability to locate new employment is involuntary. Additionally, it cannot apply without some evidence that current economic conditions show that the job can be secured and the income achieved. Therefore, we hold that the trial court erred in imputing to appellant an income which he was not earning and which it was not shown that current economic conditions would allow him to realize in the reasonable foreseeable future.

## IV.

 The court also considered a motion to suspend or reduce child support payments filed by appellant.[8] Appellant is entitled to consideration of the motion absent the "assigned" income utilized by the court in its decision. Of course, the trial court also has authority to depart from the child support guideline where the application would be unjust or inappropriate. D.C.Code § 16–916.1(1) (Supp.1991); *A.S., supra,* 593 A.2d at 648. The factors which may be considered to overcome the presumptive guideline amount include circumstances where "[t]he gross income of the noncustodial parent is substantially less than that of the custodial parent," § 16–916.1(1)(2); the noncustodial parent needs a temporary period of reduced child support payments to permit repayment of a debt or a rearrangement of financial obligations, § 16–916.1(1)(5); or any other exceptional circumstance where application of the guideline would yield a patently unfair result, § 16–916.1(1)(8). The appellant's loss of a job after many years of employment under today's economic conditions is an exceptional circumstance which must also be considered.

For the foregoing reasons, the order of the trial court increasing appellant's child support obligation is reversed,[9] and that portion of the order denying appellant's request for reduction or suspension of the support order is remanded for determination consistent with this opinion.[10]

*Reversed and Remanded.*

---

8. Apparently an additional motion to terminate child support was filed subsequent to the entry of the last order. That matter is not before the court on this appeal.

9. In view of the disposition of the issues decided in this opinion, we do not reach the other issues raised by appellant.

10. The trial court has discretion to grant relief effective from any reasonable date after appellant filed his motion. *Graham, supra,* 597 A.2d at 356–57 n. 4. Subsequent developments, which each party sought to bring to this court's attention, must be left for consideration in connection with any subsequently filed motion.