**Jose Antonio GARCIA, Appellant,**

v.

**Rosa ANDRADE, Appellee.**

**No. 91–FM–1515.**

District of Columbia Court of Appeals.

Submitted Feb. 16, 1993.

Decided March 26, 1993.

G.R. Toney, Bethesda, MD, was on the brief, for appellant.

Suzanne H. Jackson, Washington, DC, was on the brief, for appellee.

Before ROGERS, Chief Judge, and STEADMAN and SULLIVAN, Associate Judges.

ROGERS, Chief Judge.

Appellant Jose Antonio Garcia appeals from the order denying his motion for suspension of child support on the grounds that he was denied due process because the judge did not permit him to present evidence and erroneously considered support provided to him by a family member in determining that he had resources available for support of his children. We agree that the trial court erred in not permitting the presentation of evidence to support the motion, and we reverse and remand the case for a hearing.

**I.**

On May 19, 1988, the parties entered into a consent support order, which, as later modified, required appellant to pay $225.00 monthly for the support of the parties' children. This figure was consistent with the Child Support Guideline, D.C.Code § 16–916.1 (Supp.1992), and appellant agreed to have $225.00, plus $15.00 toward arrearages, withheld monthly by his employer, commencing June 1, 1990.[1]

---

1. On April 23, 1990, the parties also entered into a consent order for permanent custody and sup-

port, granting appellee custody of the parties' two children and granting appellant visitation

On June 17, 1991, appellant filed a motion for suspension of child support payments and requested oral argument on the motion. In the motion he alleged that there had been a "substantial and material change in his ability to pay" as a result of his discharge from his job at a construction company, that he had received no employment income since March 15, 1991, and that his former employer had a duty to notify the court by March 25, 1991 of his discharge. Accordingly, he requested a suspension of his payments *nunc pro tunc* to his termination date of March 15, 1991. Appellee opposed the motion on the grounds that appellant had failed to demonstrate that he had suffered a substantial, material change in his earning capacity that impeded his ability to pay child support. Specifically, appellee argued that appellant had not alleged that he was looking for employment or that his earning capacity (as distinguished from present earnings) had changed, and that he had not attached a financial statement. Appellee also argued that retroactive support reductions were impermissible under D.C.Code § 30–504(c) (Repl.1988). The motions judge denied appellant's motion on July 12, 1991, and set a financial review for September 16, 1991.

## II.

■ On appeal, appellant maintains that at the July 12, 1991, hearing he and his counsel were prepared to present evidence regarding his financial status and his efforts to obtain employment. Acknowledging his burden of proof, appellant contends that he was prevented from presenting evidence to meet his burden. He cites *Truslow v. Truslow*, 212 A.2d 763, 764

(D.C.1965), for the proposition that orders for payment of support "must rest upon the indispensable finding that, at the dates of issuance of these orders, the husband had failed or refused to maintain his wife and minor children *although able to do so*." [2] Noting that the motions judge rendered a decision without taking any evidence, appellant relies on *Smith v. Smith*, 427 A.2d 928, 932 (D.C.1981), in which the court held that even a meager showing may be sufficient to suggest inability to pay. He also maintains that the motions judge erred by imputing to him financial resources of his mother with whom he has been living while unemployed. Appellant relies on *Guyton v. Guyton*, 602 A.2d 1143, 1146 (D.C.1992), where the court stated that "loss of a job after many years of employment under today's economic conditions is an exceptional circumstance which also must be considered" in determining whether to apply the Child Support Guideline.

In response, appellee maintains that a hearing is not mandatory upon a suspension motion, and that the motions judge did not abuse her discretion in denying the motion without a hearing, citing Super.Ct.Neg.R. 28(a) and Super.Ct.Dom.Rel.R. 12–I, and *Scott v. Scott*, 127 U.S.App.D.C. 245, 246, 382 F.2d 461, 463 (1967). Appellee notes that although appellant's motion requested a hearing, he did not request an opportunity to present evidence in the motion, and that, in any event, appellant was not prejudiced by the absence of a hearing since the representations by his counsel were heard by the motions judge before she denied his motion.

rights. Almost a year later, on April 19, 1991, however, in a neglect proceeding, appellant's visitation rights were suspended. The domestic and neglect proceedings were thereafter consolidated on May 9, 1991; the suspension of appellant's visitation rights was continued in the custody case until further order of the court.

**2.** The full sentence and the sentence that follows read:

The rule is equally well established that the original underlying order for payment of sup-

port and the commitment order itself for failure to comply must rest upon the indispensable finding that, at the dates of issuance of these orders, the husband had failed or refused to maintain his wife and minor children *although able to do so*. The absence of such finding negates the validity of commitment and an appellate court is without authority to supply such findings.

*Truslow v. Truslow, supra,* 212 A.2d at 764–65.

Although appellant's written motion to suspend may have been deficient in certain respects, as appellee points out, we conclude that the motions judge abused her discretion in failing to hold a hearing on appellant's financial status before denying his motion. The transcript of the July 12, 1991, proceedings and the trial court record make clear that the July 12th status hearing was the date set for a financial review.[3] Despite any deficiencies in the motion, appellee was on notice that there was to be a financial review on that date and appellant's counsel proffered additional evidence in support of the suspension motion. The motions judge and others present were proceeding on the basis that appellant had been discharged from his construction job and that he was living with his mother. When the motions judge expressed concern that appellant should not be relieved of his obligation to pay child support, his counsel stated that appellant was looking for a job and was prepared to have a financial review that day. When the motions judge interjected that the children continued to have needs despite their father's unemployment, counsel responded that appellant did not have the capacity to meet these needs while he was looking for work, and therefore, his obligation should be temporarily suspended. Without making any findings regarding appellant's present ability to pay, the judge concluded that since appellant was being supported by someone, namely his mother, he continued to have obligations to his children and denied the motion to suspend. This was error. *Cf. Truslow v. Truslow, supra,* 212 A.2d at 764. The date of July 12, 1991, was the date scheduled for the financial review and appellant was entitled to present evidence in support of his claim that he was presently financially unable to make child support payments and to rebut the judge's conclusion that his gross income included support from his mother that rendered him able to make the payments.[4]

The Child Support Guideline requires a hearing to be held where modification of child support is at issue. The Guideline provides that:

In any case ... that involves the establishment or enforcement of child support, or in any case that seeks to modify an existing child support order, if the judicial officer finds that there is an existing duty of child support, the judicial officer shall conduct a hearing on child support, make a finding, and enter a judgment in accordance with the child support guideline ("guideline") established in this section.

D.C.Code § 16–916.1(a). The Guideline directs "an equitable approach to child support in which both parents share legal responsibility for the support of the child," and that "[t]he subsistence needs of each parent shall be taken into account in the determination of child support." *Id.* § 16–916.1(b)(1) & (2). Thus, in *Guyton v. Guyton, supra,* 602 A.2d at 1146, the court held that the judge erred in concluding that the defendant should have had no problem finding a job and in imputing the estimated income to him in assessing his ability to pay. The court stated that "the financial ability of the parent to pay the support obligation remains a factor for consideration in modifying a support obligation." *Id.* at 1145.

▮ Consequently, the motions judge in the instant case, in ruling on a motion to modify child support payments, must determine whether, in fact, there is the financial ability to pay. The record does not establish whether appellant's unemployment was voluntary or involuntary or the extent of his efforts to find a job, much less the likelihood that he would be able to find new employment or the extent of any financial resources available to him. In view of his counsel's representations that appellant was prepared for a financial review, the motions judge could not properly deny the

---

3. Although the financial review was originally set for June 17, 1991, that date was vacated and reset *for July 12, 1991.*

4. We do not decide whether the motions judge erred in attributing as gross income of appellant

the value of his mother's provision of food and lodging for appellant in determining his ability *to pay. See D.C.Code § 16–916.1(c) (definition* of gross income under Child Support Guideline).

motion to suspend without first determining that appellant remained financially able to make the payments. While a retroactive suspension is prohibited, D.C.Code § 30–504(c) (Repl.1988); *see Trezevant v. Trezevant,* 403 A.2d 1134, 1137 (D.C.1979) (orders decreasing support may, in discretion of court, be made retroactive to date when application for relief is sought), the fact that appellant was not entitled to a retroactive suspension to March 15, 1991, since he did not file his suspension motion until June 17, 1991, did not mean that he was not entitled to show that he was entitled to a suspension as of June 17, 1991.

The decision whether to grant or deny a motion to suspend payments is within the sound discretion of the trial court. *See Weiner v. Weiner,* 605 A.2d 18, 20 (D.C.1992) (this court reviews trial court applications of the Child Support Guideline for abuse of discretion). However, that discretion is not without limits. *See* D.C.Code § 16–916.1(a); *see generally Johnson v. United States,* 398 A.2d 354, 365 (D.C.1979) (trial court discretion). In the absence of a record to indicate that appellant was able to continue to pay child support at the rate of $240 a month during his period of unemployment, we hold that the judge abused her discretion in denying the motion without holding a hearing to receive appellant's evidence. Accordingly, we reverse and remand the case to the trial court for a hearing on appellant's ability to make his payments.